**UNITED STATES of America,
Appellee,**

v.

**William J. NORDVIK, Defendant–
Appellant.**

No. 01–1085.

United States Court of Appeals,
Second Circuit.

Oct. 11, 2001.

Andrew M. Luger, Greene & Espel, Minneapolis, MN, for appellant.

Patricia Notopolous, Assistant United States Attorney; Loretta E. Lynch, United States Attorney for the Eastern District of New York; Jo Ann M. Navickas, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present STRAUB, and KATZMANN,* Circuit Judges.

* The Honorable Frank J. Magill of the United States Court of Appeals for the Eighth Circuit, sitting by designation, was originally a member of this panel but recused himself from hearing and consideration of this appeal.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendant–Appellant William J. Nordvik ("Nordvik") appeals from a January 26, 2001 judgment of the United States District Court for the Eastern District of New York (Eugene H. Nickerson, *Judge*) convicting him, upon his plea of guilty, of conspiring to defraud the United States, in violation of 18 U.S.C. § 371, and making false statements, in violation of 18 U.S.C. § 1001, and sentencing him principally to thirty months' imprisonment on each of the two counts, to run concurrently. On appeal, Nordvik challenges only his sentence, arguing that the District Court erred in declining to depart downward from the applicable United States Sentencing Guidelines range, pursuant to Sentencing Guidelines § 5K2.0, on the basis of his "extraordinary acceptance of responsibility." *See United States v. Rogers*, 972 F.2d 489, 492 (2d Cir.1992) (noting that "extraordinary acceptance of responsibility" may, in appropriate cases, provide basis of departure).

"A sentencing court's decision not to grant a downward departure is an exercise of discretion not ordinarily reviewable on appeal unless the district court committed an error of law or was unaware of the power to depart." *United States v. Felipe*, 148 F.3d 101, 113 (2d Cir.), *cert. denied*, 525 U.S. 907, 119 S.Ct. 246, 142 L.Ed.2d 202 (1998). "[W]e may not review the

The remaining two members of the panel, who are in agreement, decide this appeal in accordance with Second Circuit Local Rule § 0.14.

merits of a court's decision not to downwardly depart, or probe the sufficiency of its consideration, so long as the sentence imposed is not otherwise a violation of law or a misapplication of the Guidelines." *United States v. Campo*, 140 F.3d 415, 419 (2d Cir.1998) (per curiam).

Contrary to Nordvik's assertions, there is no indication in the record that the District Court was unaware of its power to depart. Indeed, the court heard from both parties on the § 5K2.0 matter before expressly denying the departure motion on its merits. In addition, the District Court did not rely on improper evidence in making its determination. A sentencing court's discretion "is 'largely unlimited either as to the kind of information [the court] may consider, or the source from which it may come.'" *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir.1989) (quoting *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). "Any information or circumstance shedding light on the defendant's background, history and behavior may properly be factored into the sentencing determination." *Carmona*, 873 F.2d at 574. The evidence tending to show that Nordvik continued to participate in criminal activities was certainly relevant to the District Court's determination.

For the reasons set forth above, the judgment of the District Court is AFFIRMED.